UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIKRI BAYRAMOGLU,<br><br>　　　　　Petitioner,<br><br>　　　v.<br><br>SUPREME COURT OF CALIFORNIA,<br><br>　　　　　Respondent. | CASE NO. CV 09-8376-PSG (PJW)<br><br>ORDER DISMISSING<br>HABEAS CORPUS PETITION |

　　　Before the Court is a habeas corpus petition, under 28 U.S.C. § 2254, filed by a state prisoner at Chuckawalla Valley State Prison. In it, Petitioner alleges that the California Supreme Court discriminated against him by:

　　　1.　Denying all of the petitions he has filed in the last 30 years;

　　　2.　Refusing to allow "confidential correspondence" with the Turkish ambassador; and

　　　3.　Denying his request to be transferred to Turkey to serve the remainder of his sentence.

(Petition at 5-6.)

　　　A habeas corpus petition is not the proper vehicle for challenging conditions of confinement due to racial or religious

discrimination.  The purpose of habeas corpus is to attack the legality of a conviction or the length of a sentence.  *See Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973); *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979).

Here, Petitioner's allegations do not implicate the fact or duration of his confinement.  A judgment in his favor would not undermine the validity of his conviction or accelerate his release. *See Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003).  At most, a favorable judgment would alter the conditions under which he is confined.  Because Petitioner's claims are properly construed as claims challenging his conditions of confinement, they are cognizable, if at all, as civil rights claims.  For that reason, the Petition is dismissed.

The Court has the discretion to construe the Petition as a civil rights action and permit the action to proceed as such.  *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), *overruled on other grounds by Woodward v. Ngo*, 548 U.S. 81 (2006).  The Court has considered doing so but elects not to because Petitioner would ultimately be responsible for paying the $350 filing fee, despite the fact that the action appears frivolous on its face and would likely

1  be dismissed at a very early stage.  Accordingly, the Petition is
2  dismissed.[1]
3      IT IS SO ORDERED.
4      DATED:      November 23, 2009                          .

                                    _____
                                    PHILIP S. GUTIERREZ
                                    UNITED STATES DISTRICT JUDGE

Presented by

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

C:\Temp\notesFFF692\cv 09-8376 Ord_dismiss_pet.wpd

---

[1] If Petitioner wants to file a civil rights action, he may do so on the attached form.

3